IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| NICHOLAS ALBANESE | NO. 97-359 |

**MEMORANDUM**

**Joyner, J.**                                                    **June 11, 2021**

## Introduction

The defendant, Nicholas Albanese, moves for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). He has met the procedural requirements of the statute. We deny Mr. Albanese's motion because his COVID-19 vaccination mitigates any extraordinary and compelling reasons for release, 18 U.S.C. § 3553(a) factors weigh against his release, and he presents a danger to the community. See United States v. Doe, 833 Fed. Appx. 366, 367 (3rd Cir. Pa., Oct. 29, 2020)(per curiam)(affirming that the district court appropriately considered whether risk of contracting COVID-19 was an extraordinary and compelling circumstance, the § 3553(a) sentencing factors, and whether the defendant presented a danger to the community, when denying compassionate release).

## Factual Background

1

On March 19, 1998, Mr. Albanese was convicted of racketeering, conspiracy to distribute and possession with intent to distribute controlled substances, distribution of cocaine, distribution of marijuana, distribution of methamphetamine, witness tampering, violent crime in aid of racketeering, and carrying a firearm in connection with a drug trafficking crime. Government's Resp., Doc. No. 598, at 1-2. His offenses stem from participation in a faction of the Philadelphia La Cosa Nostra (LCN) Crime Family. Id. at 2. In addition to involvement in the organization's drug distribution activities, Mr. Albanese carried out two murders, one at exceptionally close range. Id. He also unsuccessfully attempted to murder another individual believed to be implicating the organization in a drug distribution conspiracy. Id. at 3. Mr. Albanese was sentenced to life imprisonment. Id.

Mr. Albanese filed the instant motion for relief claiming his heart disease and FCI Schuylkill's inadequate ability to prevent the spread of COVID-19 presents extraordinary and compelling reasons to grant compassionate release. Def.'s Mot., Doc. No. 593, at 3-4. After the government responded in opposition, Mr. Albanese filed a reply expanding upon his claims and asserted a new claim, arguing that his sentence is unconstitutional and thus another extraordinary and compelling reason for release. Def.'s Reply, Doc. No. 612, at 5. The

2

government filed a surreply in response to the new argument and also notified the Court of Mr. Albanese's recent Pfizer vaccination mitigating the previously asserted extraordinary and compelling reasons for release. Government's Surreply, Doc. No. 613, at 2. Mr. Albanese filed a sur-sur-reply opposing the government's surreply and asserting a new argument that his sentence for two counts of committing a violent crime in aid of racketeering is an additional extraordinary and compelling reason for release. Def.'s Sur-Sur-Reply, Doc. No. 615, at 4-5. The government filed a second sur-reply in response. Government's Second Surreply, Doc. No. 616, at 1. In the interest of justice, we consider all of the documents that have been filed.

## **Procedural Requirements Are Satisfied**

Mr. Albanese has fully exhausted his administrative remedies. He submitted his request for compassionate release to the warden on July 9, 2020, and the request was denied on July 22, 2020. Government's Resp., Doc. No. 598, at 2-3. Mr. Albanese submitted the instant motion to the Court on January 21, 2021, well over 30 days after filing his request and receiving the denial. Id. at 4; See United States v. Harris, 973 F.3d 170, 171 (3d. Cir. 2020)(reasoning that if a warden denies a defendant's request within 30 days, it is not necessary for the defendant to completely exhaust all administrative remedies before filing a

motion for compassionate release). Therefore, we find Mr. Albanese meets the procedural requirements to file this motion.

### **Extraordinary and Compelling Reasons**

Mr. Albanese asserts three extraordinary and compelling reasons for release: heart disease, FCI Schuylkill's ability to mitigate the pandemic in their facility, and his sentence.

First, we address Mr. Albanese's initial claim of heart disease as an extraordinary and compelling reason to grant relief. Medical conditions identified by the CDC as presenting a risk of adverse outcomes from a COVID-19 infection often meet the extraordinary and compelling threshold. See United States v. Ishmael, No. 12-155, 2021 U.S. Dist. LEXIS 28180, *12 (E.D. Pa. Feb. 16, 2021) (reasoning the defendant's condition met the criteria for a serious medical condition qualifying as extraordinary and compelling because the CDC identifies the condition as a "definite risk factor"). However, COVID-19 vaccination significantly mitigates these risks. See United States v. Abreu, No. 5:16-cr-00233, 2021 U.S. Dist. LEXIS 89496, at *20 (E.D. Pa. May 11, 2021) (denying an inmate's motion for compassionate release because his COVID-19 vaccination reduced the risk of COVID-19 negatively impacting his medical conditions); United States v. Kamara, No. 14-265-1, 2021 U.S. Dist. LEXIS 99215, at *7 (E.D. Pa. May 26, 2021)(holding a prisoner's medical condition recognized by the CDC as increasing

4

his risk of severe illness no longer presents this risk nor warrants compassionate release after vaccination). While scientific consensus over the vaccine's efficacy against COVID-19 and possible variants can change, as of April 1, 2021, the vaccine is 91.3% effective against COVID-19, 100% effective at preventing severe disease as defined by the CDC, and 95.3% effective at preventing severe disease as defined by the FDA. Business Wire, <u>Pfizer and BioNTech Confirm High Efficacy and No Serious Safety Concerns Through Up to Six Months Following Second Dose in Updated Topline Analysis of Landmark COVID-19 Vaccine Study</u> (Apr. 01, 2020, 06:45 AM), https://www.businesswire.com/news/home/20210401005365/en/.

Here, Mr. Albanese asserts his heart disease combined with his risk of contracting COVID-19 again within the FCI Schuylkill facility warrant his release. <u>Def.'s Mot.</u>, Doc. No. 593, at 4-5. However, he received both doses of the Pfizer vaccine on March 30, 2021, and April 20, 2021. <u>Government's Surreply</u>, Doc. No. 613, at 2. Because the vaccine significantly reduces his risk, he does not show extraordinary and compelling circumstances for release. If scientific consensus over the effectiveness of the vaccine shifts, Mr. Albanese may file another motion requesting compassionate release. Nevertheless, he has not demonstrated that his underlying conditions while vaccinated provide an extraordinary and compelling reason for compassionate release.

5

Second, Mr. Albanese claims that FCI Schuylkill and the BOP's ability to combat the pandemic is an extraordinary and compelling reason to justify release in itself. Def.'s Mot., Doc. No. 593, at 4, 7. A successful claim for compassionate release must addresses an individual's risk as an extraordinary and compelling reason for release rather than the general existence of COVID-19 in a correctional facility. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"); United States v. Babbitt, No. 18-384, 2020 U.S. Dist. LEXIS 195976, at *12 (E.D. Pa. Oct. 21, 2020) ("the fact that a facility may have confirmed cases of COVID-19 does not justify release if the defendant is not at risk"). Therefore, FCI Schuylkill and BOP's efficiency in combatting the virus is not itself an extraordinary and compelling reason to justify compassionate release.

Third, Mr. Albanese asserts two arguments that his sentence is an extraordinary and compelling reason for release. First, in his reply he asserts that his sentence is unconstitutional under Apprendi v. New Jersey. 530 U.S. 466, 490 (2000) (holding that it is unconstitutional to prevent a jury from assessing facts that would increase the prescribed range of penalties which the defendant is exposed to); Def.'s Reply, Doc. No. 612, at 5.

6

Second, Mr. Albanese asserts in his sur-sur-reply that his sentence and conviction for committing a violent crime in aid of racketeering is erroneous. Def.'s Sur-Sur-Reply, Doc. No. 615, at 5. The government argues that Apprendi cannot be retroactively applied and that Mr. Albanese's claims challenging his sentence and conviction are more appropriate for direct appeal or habeas relief. Government's Surreply, Doc. No. 613, at 18; Government's Second Surreply, Doc. No. 616, at 2. Moreover, the government argues Mr. Albanese's sentence is not extraordinary but instead appropriate considering the nature of his offenses. Government's Surreply, Doc. No. 613, at 18.

The arguments Mr. Albanese asserts regarding his sentence and conviction are not appropriately raised in a motion for compassionate release. Convictions and sentences can be challenged on direct appeal or in the habeas forum, but not in a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A). For that reason, Apprendi cannot be employed as a basis for compassionate release. See United States v. Swinton, 333 F.3d 481, 482 (3d Cir. 2003). Even if this Court could consider a challenge to Mr. Albanese's sentence in this motion, Mr. Albanese's current sentence and conviction are appropriate and permissible and thus not extraordinary and compelling. Therefore, we find Mr. Albanese's sentence and conviction do not present a basis for release.

7

In sum, Mr. Albanese's vaccination mitigates any previous extraordinary and compelling reasons for release and his sentence is not an extraordinary and compelling reason for release.

### **18 U.S.C. § 3553(a) Sentencing Factors**

In addition to not meeting the threshold of extraordinary and compelling reasons, the § 3553(a) factors weigh against Mr. Albanese's release.

18 U.S.C. § 3582(c) requires a court to consider the factors under § 3553(a) "to the extent they are applicable." The applicable factors include (1) the nature and circumstances of the offense and the history and the characteristics of the defendant; (2) the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence; (C) to protect the public from further crimes of the defendant; and (D) to provide rehabilitation.

Here, the nature of Mr. Albanese's offenses and the propriety of his sentence weigh against release. Mr. Albanese's active participation in the LCN Crime Family's drug distribution activities, two murders, and an unsuccessful attempted murder are serious offenses that his life sentence appropriately reflects. Government Resp., Doc. No. 598, at 2-3. Mr. Albanese has served over 20 years of his sentence. Def.'s Mot., Doc. No.

593, at 2; Government's Resp., Doc. No. 598, at 16. Considering the violent nature of these offenses, reducing his life sentence to time served would not reflect the seriousness of these crimes, promote respect for the law, and provide just punishment. See United States v. Martines, No. 94-127-3, 2021 U.S. Dist. LEXIS 23231, at *17 (E.D. Pa. Feb. 8, 2021)(reasoning the § 3553(a) factors weigh against reducing a defendant's sentence because it would not reflect the seriousness of his offenses, nor further the aims of punishment and deterrence).

Mr. Albanese does show rehabilitation through employment, maintaining positive rapport with his detail supervisor, mentorship of younger inmates, and has not received a disciplinary infraction in eight years. Def.'s Reply, Doc. No. 612, at 10-11. While Mr. Albanese's rehabilitation progress is commendable, courts cannot consider rehabilitation alone. United States v. Kamara, No. 14-265-1, 2021 U.S. Dist. LEXIS 99215, at *8 (E.D. Pa. May 26, 2021) ("rehabilitation does not outweigh other § 3553(a) factors which support the need for him to serve the sentence imposed"). Therefore, we find the totality of the relevant § 3553(a) factors including the nature of his offenses and the need for his sentence to reflect the seriousness of his crimes weigh against Mr. Albanese's release.

### Danger to the Community

9

The government also asks the Court to deny Mr. Albanese's motion because of the danger he still presents to the community if released. Government's Resp., Doc. No. 598, at 1. Under the Sentencing Policy statement U.S.S.G. § 1B1.13(2) the court can reduce a term of imprisonment if, after considering the factors in § 3553(a), the court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The factors under § 3142(g) include (1) the nature and circumstances of the offense charged (2) the weight of evidence (3) the history and characteristics of the defendant and (4) the danger to the community posed by the defendant's release.

Here, Mr. Albanese argues the Court cannot analyze the danger he presents to the community because the First Step Act did not amend the policy statement alongside § 3582(c) and therefore it does not apply to him. Def.'s Reply, Doc. No. 612, at 2-4. Although § 1B1.13 was not amended, courts can still look to the policy statement for guidance. See United States v. Rodriguez, 451 F. Supp. 3d 392, 406 (E.D. Pa. 2020) (reasoning § 1B1.13 provides helpful guidance for considering whether a defendant is a danger to the community under § 3142(g)); United States v. Griffin, No. 07-374-02, U.S. Dist. LEXIS 88562, at *12 (E.D. Pa. May 7, 2021) (denying compassionate release because under § 3142(g) the defendant presented a danger to the

community if released and the § 3553(a) factors weighed against release). Moreover, § 3553(a)(2)(C) indicates the court must assess whether the sentence imposed protects the public from potential recidivism.

Aside from rehabilitation, Mr. Albanese does not assert how he is no longer a danger to the community. He committed numerous offenses, some violent, to further the goals of a criminal organization. It is notable that Mr. Albanese has not committed a disciplinary infraction in eight years. However, prior to this rehabilitation period, he committed several infractions while incarcerated including participation in fights, possession of a dangerous weapon, and possession of intoxicants. Government's Resp., Doc. No. 598, at 3; See United States v. Jackson, No. 93-127, 2021 U.S. Dist. LEXIS 94006, at *7-8 (E.D. Pa. May 18, 2021) (reasoning the defendant's criminal history and disciplinary infractions while incarcerated are applicable to considering whether the defendant presents a danger to the community if released from his halfway house). Considering the nature of his offenses, his disciplinary infractions while incarcerated, and his recent rehabilitation progress, we find Mr. Albanese presents a danger to the community.

## Conclusion

We deny Mr. Albanese's motion for compassionate release without prejudice because there are no extraordinary and

11

compelling reasons to warrant release, the § 3553(a) factors do not support a reduced sentence, and he presents a danger to the community. An order follows.